**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10514 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01277-CKJ |
| v. | |
| MOISES FERNANDO PASOS-VALENZUELA, a.k.a. Moise Paso-Valenzuela, a.k.a. Moises Paso-Valenzuela, a.k.a. Moises Pasos-Valenzuela, a.k.a. Moises Fernando Pazos-Valenzuela, a.k.a. Moises Fernando Valenzuela, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 12, 2018[**]

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Moises Fernando Pasos-Valenzuela appeals from the district court's

judgment and challenges the 37-month sentence imposed following his guilty-plea

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pasos-Valenzuela first argues that the district court procedurally erred by failing to explain its denial of his request for a two-level reduction in his offense level for his role in promptly resolving the charges. He did not raise this objection below, so we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record shows that the court heard and considered Pasos-Valenzuela's argument, but was not persuaded that a reduction was warranted. The court did not plainly err by failing to provide a fuller explanation, *see Rita v. United States*, 551 U.S. 338, 356-59 (2007), and Pasos-Valenzuela has not shown any reasonable probability that it would have imposed a different sentence if it had done so, *see United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Pasos-Valenzuela also contends that the district court procedurally erred by improperly referencing the 2016 Guidelines as being "pretty favorable" in comparison with older versions of the Guidelines. Pasos-Valenzuela's interpretation of the court's comments is belied by the record, which contains nothing to suggest that the court relied on a prior version of the Guidelines to determine the sentence.

**AFFIRMED.**

17-10514